[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ERNST YOUNG'S MOTION TO STRIKE 58 COUNTS IN 11/19/98 SUBSTITUTED COMPLAINT
Defendant Ernst Young LLP has moved to strike 58 counts of the substituted complaint filed by the plaintiffs on November 18, 1998. This defendant has also moved to strike the plaintiff's claim for statutory relief against it under the Continuing Care Act, Conn. Gen. Stat. 17b-529(a). Adjudication has been delayed because of the plaintiff's motion to amend to file a further complaint and the court's adjudication of objections to that motion. When the court declared the November 18, 1998 complaint the operative complaint, the movant requested adjudication of its motion to strike.
This court has previously adjudicated motions to strike counts in the plaintiffs' initial complaint. That ruling will be referred to herein as "Ruling 11/14/98." CT Page 9359
Standard of review
The standard of review upon a motion to strike has been set forth in Ruling 11/14/98. That standard is applied to this motion as well.
I. Counts 15-24 (Aiding and Abetting Violations of Continuing CareAct)
After this court struck their prior claims of aiding and abetting violation of the Continuing Care Act, the plaintiffs have re-pleaded, alleging at paragraph 292 that the defendants, including Ernst Young, knew East Hill Woods' conduct constituted a violation of the Act and "gave substantial assistance or encouragement to East Hill Woods so to conduct itself." This amendment cures the deficiency that previously existed in the aiding and abetting claims, in which the plaintiff nowhere alleged unequivocally that the defendants had scienter.
The plaintiffs go on, in paragraph 294, however, to plead that "based on the foregoing" (a highly ambiguous reference to the preceding 115 pages of allegations) the defendants "are liable to the plaintiffs . . . as a (sic) common law aiders and abettors and/or for acting in concert with East Hill Woods" The plaintiffs go on to allege in paragraph 297 that the defendants are liable for the statutory damages set forth in Conn. Gen. Stat. § 17b-529 (a).
The plaintiffs have pleaded in these counts a combination of claims: 1) common law cause of action for aiding and abetting a statutory violation and 2) acting in concert with another party to violate a statute.
While these counts, as amended, now allege a common law cause of action for aiding and abetting a violation, Ernst Young makes the separate argument that the new claims of "acting in concert" do not state a cause of action. The plaintiff speciously claims that because this court restrained further amendments, it approved the contents of the November 19, 1998 complaint. Nothing in the rules of practice suggests that a denial of a motion to amend a complaint has any such effect on a prior revision of a complaint, and the court wonders why it continues to be subjected to such baseless assertions.
The plaintiffs assert that the allegations of these counts CT Page 9360 allege a cause of action at common law for acting in concert with a violator of rights, confirming the movant's surmise that they are invoking Section 876(c) of the Restatement (Second) of Torts, which states that a party may be liable for harm resulting to a third person from the tortious conduct of another if he "gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."
The plaintiffs have alleged that Ernst Young had a duty not to create analyses that created a false picture of the financial condition and exposures of East Hill Woods, and this court has denied motions to strike direct claims against this defendant based on this alleged duty. In a complaint in which direct liability for violation of a duty is already alleged, it seems pointless to invoke the notion of liability for acting in concert with another. The plaintiffs evidently assume that the measure of damages for acting in concert with another who commits a statutory violation is statutory damages, since they allege at paragraph 298 that they are entitled in these counts to damages "pursuant to Conn. Gen. Stat. § 17b-529 (a)." This court has previously ruled that liability for statutory damages is confined by the Continuing Care Act to persons who "as or on behalf of a provider, enter() into a contract for continuing care. . ." The amended complaint does not allege that Ernst Young entered into such a contract with any of the plaintiffs, and the claim for statutory remedies pursuant to § 17b-529 (a) is therefore stricken, though the claims of acting in concert are not.
II. Counts 42 and 43 (Fraudulent Nondisclosure)
This court previously granted Ernst Young's motion to strike claims of fraudulent nondisclosure in which the plaintiffs failed to allege that this defendant was acting for the purpose of inducing the plaintiffs. Though the plaintiffs have titled these counts as sounding in misrepresentation, in reality they allege that Ernst Young engaged in. "fraudulent nondisclosure" (paragraph 332). The plaintiffs have failed to plead the elements of a cause of action for fraudulent nondisclosure against this defendant, and these counts are stricken. The court adopts the analysis applied in striking Counts 28-31, 34-35, and 38-39 of the revised amended complaint. (Ruling 11/4/98).
III. Counts 67-70, 77-78, 81-82 (Negligent Nondisclosure) andCounts 32-33, 36-37, 40-41, 44-45 (Misrepresentation)
CT Page 9361
The movant mistakenly asserts that this court failed to rule on its prior motion to strike these counts. When the plaintiff called the movant's attention to the following sentence in this court's Ruling 11/14/98: "The motions to strike of Ernst Young are denied as to Counts 59-63, and 67-84," the movant filed a reply brief making no acknowledgment whatever of its error. The movant has no entitlement to a second motion to strike the same claims. Its present motion is denied as to these counts.
The movant notes that it now moves to strike Counts 32, 33, 36, 37, 40, 41, 44, and 45 even though it did not move to strike the same counts when they appeared in the same form in the revised complaint which was the subject of a prior round of motions to strike. Again, the rules of practice do not authorize a party to reserve issues and thwart the plaintiff's ability to close the pleadings by piecemeal challenges to the same claims. Ernst Young waived its right to move to strike these claims by failing to challenge them by moving to strike them when they were first asserted in the revised complaint.
IV. Counts 53-57 (Breach of Third Party Beneficiary Contract)
The plaintiffs have stated in their brief that they do not oppose the motion to strike these claims against Ernst Young.
V. Counts 87-95, 97-101, 104-112 (Aiding and Abetting Misrepresentation,Negligent Misrepresentation, and Breach of Fiduciary Duty)
When Ernst Young moved to strike these claims when they were made in the revised complaint, the court granted the motion on the basis that the plaintiffs had not pleaded scienter, where the plaintiffs alleged that this defendant "knew or should have known" of tortious conduct by East Hill Woods. The plaintiffs have now pleaded allegations from which inferences could be made to support a finding of aiding and abetting commission of a tort. The plaintiff has, as in Counts 15-24, engrafted an additional claim of "acting in concert." The analysis set forth above at Part I applies likewise to these claims of acting in concert. The motion to strike these counts is denied.
Conclusion
The motion to strike is granted as to the claim for statutory CT Page 9362 damages pursuant to § 17b-529 (a) in connection with the claims set forth in counts 15-24. The motion to strike is granted as to Counts 42 and 43, 53-57 against Ernst Young. The motion to strike is denied as to the claims of liability for common law damages for aiding and abetting and for acting in concert with a violator of the Continuing Care Act in counts 15-24; as to Counts32-33, 36-37, 40-41, and 44-45; as to Counts 67-70, 77-78, 81-82; and as to Counts 87-95, 97-101, and 104-112. The motion to strike the claim for statutory remedies under §17b-529 (a) in the prayer for relief against this defendant is granted.
Beverly J. Hodgeson Date Judge of the Superior Court